OPINION OF THE COURT
Marvin E. Segal, J.
The Inwood Fire District is situated in the County of Nassau (county), and was established in 1927 pursuant to the *519 provisions of Laws of 1909 (eh 16 [County Law § 38], as amended). Town Law § 174 (7) defines a fire district as a political subdivision of the State and a district corporation within the meaning of section 3 of the former General Corporation Law. The officers and employees of a fire district, including the paid and volunteer members of the fire department thereof, are officers and employees of such fire district, and are not officers or employees of any other political subdivision. The governing political body of the fire district is the Board of Fire Commissioners whose members are elected by popular vote of the eligible voters of the fire district pursuant to section 175 of the Town Law. One of the powers of the Board of Fire Commissioners, authorized by section 176 of the Town Law, is the annual appointment of a Treasurer. General Municipal Law §§ 30 and 30-a obligate the Treasurer of each fire district, in the State of New York, to make an annual report of the financial condition of the fire district to the State Comptroller. General Municipal Law § 31 prescribes the form of the report which must be filed with the State Comptroller, and the information to be provided therein. General Municipal Law §§ 33-38 set forth the applicable procedures authorizing the State Comptroller to inspect and examine the financial affairs of the fire districts in the State. Said sections authorize the State Comptroller to conduct depositions under oath, and examine the books and papers of a fire district. The State Comptroller has the authority to issue subpoenas mándating attendance at such depositions and requiring the production of records, pursuant to section 9 of the State Finance Law.
In compliance with the statutory directives of the General Municipal Law, the Inwood Fire District has filed its annual fiscal reports, each year, with the State Comptroller, who has periodically conducted audits of the financial affairs of the fire district at the firehouse in Inwood, New York.
On or about April 12, 1991, the office of the Comptroller of Nassau County advised Mr. Joseph Schettino, the attorney for the Inwood Fire District, that the County Comptroller intended to conduct an audit of the Inwood Fire District. By letter dated April 17, 1991, the Inwood Fire District notified the County Comptroller that the fire district believed that the State Comptroller had the exclusive authority to audit the financial affairs of a fire district. Thereafter, the County Comptroller purported to serve a subpoena duces tecum upon the Inwood Fire District, dated June 21, 1991, demanding that various financial and other records for the years 1986 through *520 1990, be produced at the office of the County Comptroller on July 10, 1991.
The Inwood Fire District thereupon moved by order to show cause dated July 9, 1991, for an order pursuant to CPLR 2304 quashing or modifying said subpoena on the grounds that (1) the subpoena was not properly served on the Inwood Fire District; (2) the demand for the delivery of documents is overly burdensome, oppressive and unnecessary; and (3) the subject matter of the subpoena, to wit: the financial affairs of the Inwood Fire District is not within the jurisdiction of the Comptroller of Nassau County. The order to show cause, granted by the Honorable Angelo D. Roncallo on July 9, 1991, stayed the Comptroller of Nassau County from taking any proceeding to enforce said subpoena duces tecum, or to otherwise compel the production of the books and records of the Inwood Fire District, pending the determination of the application to quash or modify said subpoena. After several orders of recusal, this proceeding was reassigned to the undersigned Justice on November 7, 1991.
The County of Nassau concedes that the production of documents at the office of the Comptroller would be overly burdensome, and has stipulated that any audit will be conducted at the firehouse in Inwood. The county concedes that the subpoena in question was served erroneously on a member of the Inwood Fire Department, and was not properly served on a member of the Board of the Fire District. In the interest of judicial economy, however, the decision herein addresses the merits of the jurisdictional issue, which was submitted to the court for determination.
Section 405 of the Nassau County Charter requires each special district, within the county, to file an annual audit of its financial operations, made by a certified public accountant. In the event any special district fails to file such an audit, the County Comptroller is authorized to conduct an audit at the expense of the special district. The County Comptroller contends that the Inwood Fire District is a special district, and that the County Comptroller is empowered by the County Charter to conduct an audit of said fire district’s financial affairs. The County Comptroller concedes, however, that "it has been the policy of the Comptroller’s office not to enforce this Section (405) upon each and every special district unless special circumstances arise.” The County Comptroller advises the court that three fire districts, to wit: Garden City Park, Manhasset-Lakeville and Westbury Water and Fire District, *521 have annually submitted an audit report to the County Comptroller pursuant to section 405 of the County Charter. Other than these audit reports, apparently filed on a voluntary basis, the County Comptroller does not indicate that the County Comptroller has ever previously relied upon section 405 of the County Charter to conduct an audit of the financial affairs of a fire district, due to special circumstances. The County Comptroller asserts that a complaint was received by several members of the Inwood Fire Department against the Inwood Fire District, alleging improper purchases and travel expenses, improper disposition of equipment, and improper use of Federal grant funds, and that said complaint constitutes special circumstances sufficient to warrant an audit by the County Comptroller.
The Inwood Fire District contends:
1. That a fire district is not a special district subject to section 405 of the Nassau County Charter;
2. That a special district is defined by section 402 (6) of the Nassau County Charter as a political subdivision of Nassau County;
3. That a fire district is not a political subdivision of the county, but is a political subdivision of the State, created by and deriving its authority from Town Law § 174;
4. That section 1502 of the Nassau County Charter entitled "Creation and extension of special districts”, identifies special districts as water, sewer, drainage, and garbage collection and disposal districts. This section contains no reference to fire districts, does not include a fire district in the category of special districts, and does not authorize the County Board of Supervisors to create or extend fire districts;
5. That Municipal Home Rule Law § 11 (1) (g) prohibits the County of Nassau from adopting any local law which super-cedes a State statute, if such local law applies to or affects the powers of the State Comptroller in relation to auditing or examining municipal accounts, or prescribing forms of municipal accounting, or relates to the approval or disapproval of the establishment or extension of fire districts or special districts; and
6. That the State of New York has retained exclusive jurisdiction to audit the financial affairs of all the fire districts within the State; that this retention of exclusive jurisdiction provides for the uniform control and supervision of fire districts throughout the State; that permitting local governments *522 the additional right to establish and conduct duplicative auditing procedures would constitute a wasteful use of municipal resources, and would impose an undue and unnecessary financial burden on the limited resources of fire districts.
The County Comptroller contends as follows:
1. That the auditing provisions of sections 402 and 405 of the Nassau County Charter are supplemental to the Town Law and General Municipal Law provisions governing the State’s authority in relation to fire districts, and the provisions of the County Charter are not superceded by State law pursuant to Municipal Home Rule Law § 11 (1) (g);
2. That Real Property Tax Law § 102 (16) defines special district as a "town or county improvement district, district corporation or other district established for the purpose of carrying on, performing, or financing one or more improvements or services intended to benefit the health, welfare, safety or convenience of the inhabitants of such district”; that a fire district is a district corporation and is, therefore, a special district;
3. That the County of Nassau "makes the individual towns whole for all taxes due” and the county is the guarantor of certain purchases of equipment made by a fire district through use of Federal funds;
4. That the county, therefore, has an interest in insuring that the fire districts are financially sound; and
5. That the County Comptroller has the right to audit any and all special districts, including a fire district.
Upon review of the contentions of the County of Nassau, and the Inwood Fire District, the affidavits and affirmations submitted in support of and in opposition to the instant application, and upon an analysis of relevant statute and case law, the court makes the following findings of fact and conclusions of law:
Section 405 of the Nassau County Charter which empowers the County Comptroller to conduct an audit of the financial affairs of a special district does not contravene Municipal Home Rule Law § 11 (1) (g), which prohibits a local law from applying to or affecting the powers of the State Comptroller to audit or examine municipal accounts, prescribe the forms of municipal accounting, or to approve or disapprove the establishment or extension of fire districts or special districts. Section 405 does not apply to or affect the powers of the State Comptroller to conduct annual audits. This section only em *523 powers the County Comptroller to conduct its own additional audit of special districts, and in no way infringes upon the authority of the State Comptroller. The authority of the county to conduct audits is, however, limited to the examination of the financial affairs of political subdivisions of the county, and does not extend to political subdivisions of the State.
Real Property Tax Law § 102 (16), which contains a definition of the term special district relevant to the Real Property Tax Law, includes not only town and county improvement districts, but also encompasses district corporations. A district corporation is defined by section 66 (3) of the General Construction Law as a division of the State other than a municipal corporation. For purposes of the Real Property Tax Law, the term special district encompasses subdivisions of the town, county and State established for the public welfare of the inhabitants of the district. This definition found in the Real Property Tax Law, however, does not confer jurisdiction upon the county to audit a fire district.
Section 402 (6) of the Nassau County Charter authorizes the County Comptroller to examine and audit the accounts and records of any town or speciál district, and make reports, on the financial condition of the county or any or all of its political subdivisions. Section 405 mandates that each special district within the county file an annual audit, prepared by a certified public accountant, with the County Comptroller. Section 1502 delineates the special districts, to wit: water, sewer, drainage, and garbage collection and disposal, which may be created or expanded by authority of the county. While the county has the authority to audit political subdivisions of the county, and those special districts which it may establish or extend, the county is without jurisdiction to audit political subdivisions of the State, the creation and extension of which is within the sole and exclusive authority of the State Comptroller.
A fire district is clearly a political subdivision of the State. (Town Law § 174 [7].) The establishment and extension of fire districts is within the exclusive domain of the State Comptroller, who is obligated only to notify the County Board of Supervisors of any application regarding a fire district, and to consider any objection filed by the Board. (Town Law § 173.) *524 General Municipal Law §§30-38 provide for an annual, uniform, State-wide audit of all fire districts in the State, by the State Comptroller.
Accordingly, the application by the Inwood Fire District for an order quashing the subpoena duces tecum herein is granted.